UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCOSIN

CHRISTINE FORSTER,
2201 S. 98th Street
West Allis, WI 53227,

DEAN HEALTH INSURANCE, INC.
Ct Corporation System
301 S Bedford St Ste 1
Madison, WI, 53703

DEAN HEALTH PLAN, INC.
Ct Corporation System
301 S Bedford St Ste 1
Madison, WI, 53703

CONSTITUTION INSURANCE COMPANY
c/o Corporation Service Company
8040 Excelsior Dr Ste 400
Madison, WI 53717

CONSTITUTION STATE SERVICE COMPANY
One Tower Square
Hartford , CT 06183


and

TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA
c/o Corporation Service Company
8040 Excelsior Dr Ste 400
Madison, WI 53717

    Plaintiffs,
vs.

UNITED STATES OF AMERICA.
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

UNITED SATES POSTAL SERVICE,
470 L'Enfant Plaza SW
Washington, DC 20024, and

**CIVIL COMPLAINT**

Civil Case No.
Case Type: Personal Injury

1

MEGAN M. DECKER,
6438 Channel Rd
Waterford, WI 53185,

        Defendants.

---

The Plaintiff, Christine Forster, by and through her attorneys, Welcenbach Law Offices, S.C., by Attorney Robert J. Welcenbach, complaining of the defendants, herein respectfully shows to this Court and alleges as follow:

## JURISDICTION AND VENUE

1. These claims arise under the provisions of the Federal Tort Claims Act (FCTA), 28 U.S.C §§ 1346(b), 2671-2680.

2. The Court has personal jurisdiction over the defendants herein pursuant to Rule 4 (i)(1)(A)-(C) of the Federal Rules of Civil Procedures.

3. Venue is proper on this Judicial District pursuant to 28 U.S.C § 1042(b) as the plaintiff resides in this district and the acts and omissions complained of occurred in this district.

4. Pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), the defendants' liability will be determined by the laws of the States of Wisconsin.

5. Pursuant to U.S.C § 2674, the defendants' liability in the same manner and to the same extent as provide individuals under like circumstances.

## CONDITIONS PRECEDENT TO SUIT

6. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through five (5) with the same force as though fully set forth herein.

7. Pursuant to 28 U.S.C. § 2401 (b), within two years of the accrual of the Plaintiff, CHRISTINE FORSTER's claim, more specifically on or about June 16, 2021, the Plaintiff caused a Standard

2

Form-95 "Claim for Damage, Injury or Death" with particulars to be served, pursuant to 28 U.S.C. §§ 2401 (b) and 2675 (c), upon the appropriate agency, namely, United States Postal Service (hereinafter "USPS").

8. At no time was any notice given that said claim was improper, or the "wrong" agency had received the claim.

9. On or about July 28, 2021, the USPS sent a letter to the Plaintiff's counsel, advising that it had six months from June 23, 2021 to adjudicate the claim.

10. That the USPS has not issued any response either admitting or denying the claim. That the Plaintiff's claim is deemed denied after six months from June 23, 2021 which was December 23, 2021.

11. That it is proper for Plaintiff to start an action in a District Court of the United States, and the instant action is started within six months from December 23, 2021 - the deemed denial of plaintiff's claim.

## THE PARTIES

12. Plaintiffs repeat and re-allege each and every allegation set forth above in paragraphs one (1) through eleven (11) with the same force and effects as though fully set forth herein.

13. At all times mentioned, the Plaintiff, Christine Forster, was at the time of the incident and currently is domiciled at 2201 S. 98th Street, West Allis, WI 53227.

14. At all times mentioned, the Plaintiff, DEAN HEALTH INSURANCE, INC., ("Dean Health")was at the time of the incident and currently is a Domestic insurance company licensed to conduct business in Wisconsin located at 1277 Deming Way Madison, WI 53717 and whose registered agent is Ct Corporation System, 301 S Bedford St Ste 1, Madison, WI, 53703. That Dean Health may have paid medical bills or other benefits to plaintiff and may seek recovery.

3

15. At all times mentioned, the Plaintiff, DEAN HEALTH PLAN, INC., ("Dean Health") was at the time of the incident and currently is a Domestic insurance company licensed to conduct business in Wisconsin located at 1277 Deming Way Madison, WI 53717and whose registered agent is Ct Corporation System, 301 S Bedford St Ste 1, Madison, WI, 53703. That Dean Health may have paid medical bills or other benefits to plaintiff and may seek recovery.

16. At all times mentioned, the Plaintiff, CONSTITUTION INSURANCE COMPANY ("Constitution"), was at the time of the incident and currently is a foreign corporation with its principal place of business located at 15 W. Main St, Cambridge, NY 12816 and its registered agent is Corporation Service Company, 8040 Excelsior Dr Ste 400, Madison, WI 53717. That Constitution was the insurer for the employer of Christine Forster at the time of the crash. That the crash happened while Christine Forster was operating in the scope of her employment. That Constitution has paid medical bills, property damage or other benefits pursuant to Wisconsin Worker's Compensation Laws on behalf of Christine Forster and may claim reimbursement from Defendants herein.

17. At all times mentioned, the Plaintiff, CONSTITUTION STATE SERVICES COMPANY ("Constitution State"), was at the time of the incident and currently is a foreign corporation with its principal place of business located at One Tower Square, Hartford, CT 06183. That Constitution State was the third party administrator for the insurer for the employer of Christine Forster at the time of the crash. That the crash happened while Christine Forster was operating in the scope of her employment. That Constitution State claims that it is the proper entity to recover for its payment of medical bills, property damage or other benefits pursuant to Wisconsin Worker's Compensation Laws on behalf of Christine Forster and may claim reimbursement from Defendants herein.

18. At all times mentioned, the Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), was at the time of the incident and currently is a foreign corporation with its principal place of business located One Tower Square, Hartford, CT 06183, and whose registered agent is Corporation Service Company, 8040 Excelsior Dr Ste 400, Madison, WI 53717.

19. That Travelers was the insurer for the employer of Christine Forster at the time of the crash. That the crash happened while Christine Forster was operating in the scope of her employment. That Travelers has paid medical bills, property damage or other benefits pursuant to Wisconsin Worker's Compensation Laws on behalf of Christine Forster and may claim reimbursement from Defendants herein.

20. At all times mentioned, the Defendant, UNITED STATES POSTAL SERVICE (hereinafter "USPS"), was and is a Federal Agency pursuant to 28 U.S.C § 2671.

21. At all times mentioned, Defendant, UNITED STATES POSTAL SERVICE, is under the direction and control of the United States Government and Defendant, UNITED STATES OF AMERICA.

22. At all times mentioned, the Defendant, MEGAN M. DECKER, upon information and belief, is an adult currently domiciled at 6438 CHANNEL RD, WATERFORD, WI 53185.

23. At all times mentioned, the Defendant, MEGAN M. DECKER, was the driver of the USPS truck, was an employee of the United States Government, The United States of America and /or the United States Postal Service at the time of the occurrence and was acting within the course and scope of her federal employment at the time of the occurrence which is described below and is the subject of the above captioned action.

24. At all times mentioned, the Defendant, MEGAN M. DECKER, was the driver of a USPS vehicle, was an employee of the United States Government, the United States of America and/or

the United States Postal Service, was engaged in her employment, duty and/or an official capacity in the service of the United States.

## FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST THE UNITED POSTAL SERVICE AND THE UNITED STATES GOVERNMENT

25. Plaintiffs repeat the re-allege each and every allegation set forth above with the same force and effects as though fully set forth herein.

26. On or about August 12, 2019, at approximately, 10:48 a.m., the Plaintiff, CHRISTINE FORSTER, was traveling westbound on Cleveland Ave., in the City of New Berlin, in the County of Waukesha, in the State of Wisconsin.

27. On or about August 12, 2019, at approximately, 10:48 a.m., the Defendant, MEGAN M. DECKER, the driver of a USPS truck, was operating a USPS westbound on Cleveland Ave, in the City of New Berlin, Wisconsin, while in the course of her employment with the United States Postal Service and/or United States of America with the permission, consent and/or in the business of the owner of the truck.

28. On or about August 12, 2019, at approximately, 10:48 a.m., the Defendant, MEGAN M. DECKER, the driver of a USPS truck, was in charge of, managed, maintained, and controlled a USPS truck on Cleveland Avenue in New Berlin, Wisconsin.

29. Upon information and belief, prior to and on August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, was the owner of a certain truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

30. Upon information and belief, prior to and on August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, was the lessee of the vehicle that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

31. Upon information and belief, prior to and August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, was the lessor that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

32. On August 12, 2019, at the time of the subject accident, the Defendant UNITED STATES POSTAL SERVICE, employed the Defendant, MEGAN M. DECKER, who drove and operated a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

33. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, maintained a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

34. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, managed a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

35. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES POSTAL SERVICE, controlled a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

36. Upon information and belief, prior to and on August 12, 2019 at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, was the owner of a certain truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

37. Upon information and belief, prior to and on August 12, 2019 at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, was the lessee that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

38. Upon information and belief, prior to and on August 12, 2019 at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, was the lessor that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

39. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, employed the Defendant, MEGAN M. DECKER who drove and operated a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

40. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, maintained a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

41. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, managed a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

42. On August 12, 2019, at the time of the subject accident, the Defendant, UNITED STATES OF AMERICA, controlled a certain USPS truck that was being operated on Cleveland Ave, in the City of New Berlin, Wisconsin.

43. On August 12, 2019, the roadways at Cleveland Ave, in the City of New Berlin, Wisconsin were and still are public thoroughfare.

44. On August 12, 2019, at the time of the subject accident, the Plaintiff, CHRISTINE FORSTER, was operating her vehicle westbound on Cleveland Ave, in the City of New Berlin, Wisconsin.

45. On August 12, 2019, at the time of the subject accident, the Defendant, MEGAN M. DECKER while she was driving and operating a USPS truck westbound suddenly and without warning attempted to make a U-turn and struck the vehicle driven by the Plaintiff, CHRISTINE FORSTER, causing her injury.

46. At the aforementioned place and time, the Defendant, MEGAN M. DECKER, attempted to make a U turn in front of the Plaintiff's vehicle in violation of Wis. Stat. § 346.33.

47. At the aforementioned place and time, the Defendant, MEGAN M. DECKER, while operating the vehicle in an inattentive, careless and erratic manner, caused the crash with the Plaintiff, CHRISTINE FORSTER's, vehicle and that she was in the course and scope of her employment with the Defendants, USPS and the UNITED STATES OF AMERICA.

48. The accident and the injuries of the Plaintiff, CHRISTINE FORSTER, were solely and wholly due to the careless, negligent, grossly negligent and reckless manner in which the defendants owned, drove, operated, managed, maintained, controlled and supervised the USPS truck at the aforementioned location and time.

49. The aforementioned accident and the injuries resulting therefore were due solely and wholly to the defendants' negligence, carelessness, recklessness, in the ownership, operation, maintenance, management, and control of their USPS truck referenced above; in failing and neglecting to have the vehicle under reasonable and proper control; in failing and neglecting to keep proper lookout upon the roadways; failing and neglecting to follow the rules of the road; in failing and neglecting to yield the vehicle that had the right of way on the roadway; in operating the motor vehicle as to cut in front of the Plaintiff's lane of travel; in so operating the motor vehicle as to cause the same to be in such a position on the roadway as to endanger the safety to other motorists on roadways as to endanger the safety to other motorists on the roadway and in violating the statues, ordinances and regulations, of which the Court will take judicial notice.

50. The aforementioned crash was caused solely by the negligence, gross negligence, carelessness and recklessness of the Defendants, without the Plaintiff in any way contributing thereto.

51. As a result of the Defendant, MEGAN M. DECKER's recklessness, carelessness, negligence and gross negligence, the Defendants, the UNITED STATES OF AMERICA and the UNITED STATES POSTAL SERVICE, as the owners of the aforementioned USPS truck are vicariously liable for all of the injuries sustained by the Plaintiff.

52. The acts and/or omissions on the part of the Defendants do not fall into the "discretionary function" exception to the Federal Tort Claims Act.

53. The Defendants violated the application provisions of Wisconsin State Laws.

54. By reason of the aforementioned crash, the Plaintiff, CHRISTINE FORSTER, sustained serious and permanent injuries to her body, including but not limited to her head, arm, back and legs.

55. By reason of the negligence, gross negligence, carelessness and recklessness of the Defendants, the Plaintiff, CHRISTINE FORSTER, was severely, seriously and permanently injured, bruised and wounded, suffered and will continue to suffer for some time physical pain and injury to her body and mind; further, the plaintiff still suffers and will continue to suffer mental anguish, and became sick, sore, lame and disabled, and has been significantly deprived of the ability to enjoy life.

56. By the reason of the foregoing, the Plaintiff, CHRISTINE FORSTER, was compelled to and did necessarily require medical aid, medication and attention, and did become liable for medical care received and will incur similar expenses in the future, and will require significant future medical care, medications and medical attention for the remainder of her life.

57. By the reason of the foregoing, the Plaintiff, CHRISTINE FORSTER, has been unable to attend to her usual and customary activities and occupation in the manner required for a considerable period of time, has suffered and will continue to suffer the loss of earnings in the future.

10

Case 2:22-cv-00425-JPS   Filed 04/06/22   Page 10 of 13   Document 1

58. By the reason of the forgoing, the Plaintiff, CHRISTINE FORSTER, has sustained pecuniary and economic losses and will suffer such losses in the future.

59. The Plaintiff, CHRISTINE FORSTER, has no adequate remedy at law and continues to suffer irreparable harm as a result of the defendants' conduct, and has been injured and damaged in the amount of $115,559.27.

## SECOND CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, SUPERVISON AND RETENTION

60. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effects as though fully set forth herein.

61. The defendants were negligent, grossly negligent, carless and reckless in the selection, hiring, training, supervision employment and retention of its employees and/or agents, most specifically, the Defendant, MEGAN M. DECKER, the driver of the USPS truck.

62. Prior to August 12, 2019, the defendants failed and neglected to properly investigate prior to hiring and entrusting the Defendant, MEGAN M. DECKER, the driver of the USPS truck, while in the scope and course of her employment with the Defendants, with the USPS truck to operate and drive in New Berlin, Wisconsin.

63. Prior to and on August 12, 2019, the Defendants hired inadequate and incompetent help when they hired the Defendant, MEGAN M. DECKER and entrusted her with the USPS truck.

64. Prior to and on August 12, 2019, the defendants failed and neglect to properly and adequately train, supervise, and educate the Defendant, MEGAN M. DECKER the driver of the USPS truck, the driver of the USPS truck, while in the scope and course of his employment with the defendants, in the proper driving, operation, management, control, maintenance and/or supervision of vehicles,

and more specifically, the truck such as the one that the Defendant, MEGAN M. DECKER was driving and operating westbound on Cleveland Ave, in the City of New Berlin, Wisconsin.

65. Prior to and on August 12, 2019, the defendants were negligent, grossly negligent, carless and reckless entrusting the USPS truck to the Defendant, MEGAN M. DECKER, the driver of the USPS truck, while in the scope and course of his employment with the Defendants.

66. The defendants' negligence, gross negligence, recklessness and carelessness was a substantial factor in bringing about the August 12, 2019, accident on westbound Cleveland Ave, in the City of New Berlin, Wisconsin, causing injury to the Plaintiff, CHRISTINE FORSTER.

67. The Plaintiff has no adequate remedy at law and continues to suffer irreparable harm as a result of the defendants' conduct, and has been injured and damaged in the amount of $3,00,500.00

*WHEREFORE*, Plaintiff CHRISTINE FORSTER, demands judgment against the Defendants, jointly and severally:

1.) On the First Cause of Action: personal injury, pain and suffering, loss of enjoyment of life, medical expenses and a loss of earnings and benefits in the amount of One Hundred Fifteen Thousand Five Hundred Fifty Nine Dollars and Twenty Seven cents ($115,559.27), together with interest costs and disbursements in this action;

2.) On the Second Cause of Action: negligent hiring, supervision, training and retention in the amount of One Hundred Fifteen Thousand Five Hundred Fifty Nine Dollars and Twenty Seven cents ($115,559.27) together with interest, costs and disbursements in this action; and

3.) That in the event any Involuntary Plaintiff fails to timely answer, that a default judgment be entered dismissing them from this action with prejudice.

4.) For a determination that neither Dean Health Insurance, Inc., Dean Health Plan, Inc. are entitled to reimbursement.

5.) Any other further relief the Court may deem just and equitable.

\*\* A JURY IS HEREBY DEMANDED\*\*

Dated this 6th day of April, 2022.

/*s/ Robert J. Welcenbach*
Robert J. Welcenbach
State Bar No. 1033091

Welcenbach Law Offices, S.C.
933 N. Mayfair Rd.,
Ste. 311
Milwaukee, WI 53226
(414)774-7330
(414) 376-6400
robert@welcenbachlaw.com